UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**GENERAL CODE, LLC,**

     *Plaintiff*,

   -*vs*-

**ENCODEPLUS, LLC and
KENDIG KEAST COLLABORATIVE, INC.**

     *Defendants*.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Civil Action No.

---

  Plaintiff, GENERAL CODE, LLC ("General Code"), as and for its Complaint against the defendants ENCODEPLUS, LLC and KENDIG KEAST COLLABORATIVE, INC. ("Defendants"), alleges as follows:

## JURISDICTION AND VENUE

  1. Plaintiff, General Code, LLC is a New York limited liability company with its principal place of business in Rochester, New York.

  2. Upon information and belief, Defendant enCodePlus, LLC is a Texas limited liability company with a principal place of business in Sugar Land, Texas ("enCodePlus").

  3. Upon information and belief, Defendant Kendig Keast Collaborative, Inc. is a Texas corporation with a principal place of business in Sugar Land, Texas ("Kendig Keast").

  4. Upon information and belief, Defendants enCodePlus and Kendig Keast are related companies and managed by the same individual(s).

  5. Upon information and belief, Defendants are promoting their businesses nationally and including in this district, by the marketing of their services through, among other channels, their

Internet websites *encodeplus.com* and *kendigkeast.com* using trademarks, trade names and/or identifying indicia in violation of General Code's rights.

6. This is a civil action for trademark infringement, false designation of origin, unfair competition and dilution arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127.

7. This Court has subject matter jurisdiction over the claims set forth herein under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338 and the doctrine of pendent jurisdiction.

8. Venue in this district is proper under 28 U.S.C. § 1391.

## ALLEGATIONS

9. Continuously since long prior to the acts of Defendants alleged herein, General Code has published and continues to publish electronically and by means of the Internet the municipal codes of a vast number of jurisdictions throughout the United to enable users to access, search for and view the numerous municipal codes ("General Code's Products and Services").

10. General Code's Products and Services are provided under the trademark "eCode360" ("the eCode360 Trademark"), which is owned by General Code and is registered with the U.S. Patent and Trademark Office under Registration No. 3646519, registered June 30, 2009, which registration is valid, subsisting and deemed incontestable under 15 U.S.C. §§ 1065 ("the Registration") (Exh. A).

11. The services identified in the Registration comprise a website featuring non-downloadable software that allows users to access municipal codes in an electronic form via the internet; conversion of data or documents from existing physical municipal codes to electronic media; providing updates to municipal code databases; providing technical information for end users regarding how to access, view and search online databases (Exh. A).

12. The eCode360 Trademark has acquired such goodwill and secondary meaning that the

relevant trade has come to associate the eCode360 Trademark exclusively with General Code.

13. On information and belief, Defendants had been using the trademark and trade name "encode-360" on and in association internet-based document editing, content management, and presentation systems designed and used for authoring, displaying, managing, and codifying all aspects of land development regulations, zoning ordinances, and entire municipal or county codes ("Defendants' Services") which services substantially conflict and compete with General Code's Products and Services.

14. On about July 28, 2014, Attorneys for General Code demanded of Kendig Keast that use of the infringing trademark and trade name "en-Code-360" be terminated, as use of that trademark and trade name is likely to cause confusion and mistake with General Code's registered eCode360 Trademark in the municipal marketplace (Exh. B).

15. By letter dated August 6, 2014 counsel for Kendig Keast identified itself as representing both Defendants, alleging that Defendant enCodePlus LLC changed its company name from enCode-360 LLC to enCodePlus LLC (Exh. C).

16. Nevertheless on information and belief, Defendants continues to use on and in association with Defendants' Services the identifier "360" with the trademark and trade name enCodePlus, and with full knowledge that the addition of "Plus" to the trademark and trade name prefix "enCode" is likely to be interpreted as being an improved service of General Code so as to continue to be likely to cause confusion and mistake. (Exh D).

17. On information and belief, Kendig Keast continues to own and maintain the "encode-360.com" domain name.

18. Defendants' use of any one or all of the trademarks and/or trade names "enCode-360," "enCodePlus," "enCodePlus 360" ("Defendants' Marks") in connection with any products and/or

services is and will continue to be likely to cause confusion, mistake or deception, such that those in the relevant trade are likely to believe that Defendants' Services are authorized, sponsored or otherwise approved by General Code when in fact they are not.

19.   Defendants are not now and have never been authorized by General Code to use the General Code's eCode360 Trademark or any confusingly similar trademark or trade name, whether any of Defendants' Marks or otherwise, in connection with any products and/or services.

20.   General Code has been and continues to be injured by Defendants' unlawful acts.

21.   Upon information and belief, Defendants have performed the acts complained of herein willfully and with knowledge of the infringement that they would cause, and with intent to cause, confusion, mistake or deception, and to appropriate and unfairly trade upon General Code's goodwill in the eCode360 trademark.

## FIRST CAUSE OF ACTION
(FEDERAL TRADEMARK INFRINGEMENT)

22.   General Code repeats and realleges each and every paragraph set forth above as if fully set forth herein.

23.   The aforesaid acts of Defendants constitute infringement of General Code's registered eCode360 Trademark, in violation of section 32(1) of the eCode360 Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1).

24.   Upon information and belief, the aforesaid acts were and are undertaken willfully and with the intention of causing confusion, mistake or deception.

25.   By reason of the acts of Defendants alleged herein, General Code has suffered, is suffering and will continue to suffer irreparable damage and, unless Defendants are restrained from continuing their wrongful acts, the damage to General Code will continue and increase.

26.   General Code has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION)

27. General Code repeats and realleges each and every paragraph set forth above as if fully set forth herein.

28. The aforesaid acts of Defendants are likely to cause confusion, mistake or deception among purchasers and potential purchasers in the relevant trade and bearing any of Defendants' Trademarks as to the source or origin of the services rendered by Defendants by reason of the fact that purchasers are likely to believe that Defendants' Services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by General Code.

29. The confusion, mistake or deception referred to herein arise out of the aforesaid acts of Defendants and constitute false designation of origin and unfair competition in violation of section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

30. Upon information and belief the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

31. By reason of the acts of Defendants alleged herein, General Code has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing these wrongful acts, the damage to General Code will increase.

32. General Code has no adequate remedy at law.

33. Upon information and belief, Defendants will continue to violate General Code's rights unless enjoined by this Court.

## THIRD CAUSE OF ACTION
### (FEDERAL TRADEMARK DILUTION)

34. General Code repeats and realleges each and every paragraph set forth above as if fully set forth herein.

35. General Code's eCode360 Trademark is famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

36. Defendants began the Defendant's Services at issue in this action after the eCode360 Trademark became famous.

37. Defendants have diluted and unless enjoined are likely to dilute further the eCode360 Trademark by their use and promotion of Defendants' Marks.

38. The acts of Defendants complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

## FOURTH CAUSE OF ACTION
(CYBERPIRACY § 43(D) OF THE LANHAM ACT)

39. General Code repeats and realleges each and every paragraph set forth above as if fully set forth herein.

40. This fourth cause of action arises under § 43(d) of the Federal Trademark Act of 1946, as amended (15 U.S.C. § 1125(d)).

41. General Code's eCode360 Trademark was distinctive at the time Defendants adopted and registered the domain name "encode-360.com" ("Defendants' Domain Name"), and the eCode360 Trademark continues to be distinctive of General Code's Products and Services.

42. Defendants use and continued registration of Defendants' Domain Name comprises a bad faith intent to profit from the eCode360 Trademark and goodwill of General Code.

43. Defendants' Domain Name is confusingly similar to the eCode360 Trademark, and the use of Defendants' Domain Name is likely to cause the relevant trade mistakenly to believe that the Defendants' Services and/or website are sponsored or approved by, or affiliated with General Code.

44. By registering and engaging in any activities using Defendants' Domain Name, the

Defendants are and will be engaging in cyberpiracy in interstate commerce in violation of 15 U.S.C. § 1125(d).

45. By reason of the foregoing, General Code has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1125(d).

**WHEREFORE**, the Plaintiff, General Code, demands with respect to each of its claims:

1. That Defendants, their related companies, and their agents, distributors, employees, officers, attorneys, successors and assigns, and all those persons in active concert or participation with each or any of them, be enjoined, during the pendency of this action and permanently, from directly or indirectly using any trademarks, trade names and/or service identifiers that are confusingly similar to any of General Code trademarks, trade names and/or other indicia in any manner, and/or are likely to cause confusion or mistake with respect to General Code and/or its products and services.

2. That Defendants, their related companies, and their agents, distributors, employees, officers, attorneys, successors and assigns, and all those persons in active concert or participation with each or any of them, be enjoined, during the pendency of this action and permanently, otherwise engaging in any other acts or conduct which would cause consumers in the relevant trade to erroneously believe that Defendants' goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with General Code.

3. That the Court order the forfeiture of Defendants' domain name, encode-360.com, and any other domain name that violates General Code's rights, and transfer such domain name(s) to General Code.

4. That the Defendants be required to disable its Website located at any domain causing confusion and/or endorsement or sponsorship by General Code, and make the same inaccessible to

the public, during the pendency of this action and permanently.

5. That Defendants, its related companies, and its and their agents, distributors, employees, officers, attorneys, successors and assigns, and all those persons in active concert or participation with each or any of them, be enjoined, during the pendency of this action and permanently, from falsely advertising, directly or indirectly, Defendants' Services.

6. That Defendants be required to pay to General Code such damages as General Code has sustained as a result of Defendants' unlawful acts, and to account for all gains, profits and advantages derived by Defendants from the same.

7. That Defendants file with the Court and serve upon General Code's counsel within thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Injunction and Order.

8. That Defendants pay to General Code the costs and disbursements of this action, together with reasonable attorneys' fees.

9. That this Court grant General Code such other and further relief as this Court deems just and proper.

**DATED:**   October  22, 2014                    **HISCOCK & BARCLAY, LLP**

By:   s/ Thomas B. Cronmiller
        Thomas B. Cronmiller
        Ronald S. Kareken

*Attorneys for Plaintiff*
General Code, Inc.
Office and Post Office Address
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Tel:  (585) 295-4424

E-mail address: tcronmiller@hblaw.com  
E-mail address: rkareken@hblaw.com